IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO·CLC and LOCAL UNION NO. 216M, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHNS MANVILLE, <br><br> *Defendant*. | CIVIL ACTION NO. 3:21-CV-502 |

## ORIGINAL COMPLAINT TO COMPEL ARBITRATION

PLAINTIFFS United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO·CLC ("USW") and Local Union No. 216M ("Local 216M," collectively "Union") hereby complain against Defendant Johns Manville ("JM" or "Company"), and for their cause of action would respectfully show this Court as follows:

### I.     INTRODUCTION AND PARTIES

1. This action arises under the Labor Management Relations Act ("LMRA") § 301(a), as amended, 29 U.S.C. § 185(a), to compel JM to arbitrate a grievance pursuant to a Collective Bargaining Agreement ("CBA").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and § 301 of the LMRA, as amended, 29 U.S.C. § 185.  Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391.

3. The USW and Local 216M are labor organizations, within the meaning of the LMRA, existing in whole or in part for the purpose of representing employees in connection with wages, hours, and other terms and conditions of employment in negotiations with employers. The USW and Local 216M are engaged in representing employees of JM in Cleburne, Texas, within the territorial jurisdiction of this Court, and Local 216M maintains an office in Cleburne, Texas.

4. Defendant Johns Manville is a corporation headquartered at 717 17th Street, Denver, CO 80202.  JM operates a manufacturing facility at 200 West Industrial Boulevard, Cleburne, TX 76033.  JM is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6), and (7).  JM may be served with summons and complaint by serving its registered agent, THE PRENTICE-HALL COPORATION SYST, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5. The Union and the Company are parties to a Collective Bargaining Agreement ("CBA"), effective February 19, 2018, through February 21, 2022.  A copy of the CBA is attached to this Complaint as Exhibit 1.

## II.   FACTS

6. Article 6 of the CBA, Management Rights, provides that "[t]he Company shall not exercise any of the rights reserved to it in an arbitrary or capricious manner."

7. Article 26 of the CBA sets forth a five-step grievance procedure culminating in arbitration.  The grievance procedure applies to "any dispute involving the interpretation or alleged violation of the terms of this Agreement" that "occur[s] between the Company and any employee and/or the Union."

8. On the night of July 27, 2020, the Company did not allow employee Corey Attaway to work his scheduled shift, based on a rumor that Attaway had tested positive for COVID-19 or had symptoms of COVID-19.

9. On August 5, 2020, the Union filed a timely grievance alleging that the Company had violated the CBA by denying Attaway the opportunity to work his scheduled shift based on an unsubstantiated rumor. The grievance alleged a violation of "unjust cause & any article that may apply." A true and correct copy of this grievance is attached as Exhibit 2.

10. The grievance was processed through the steps of the grievance procedure, and the Company denied the grievance at each step. A true and correct copy of the Company's 4th Step answer is attached is Exhibit 3.

11. By letter dated November 13, 2020, from USW Staff Representative (formerly GMP Council Vice President) Brenda Scotland (Scotland) to Company Human Resources Manager Leslie Boyd, the Union notified the Company that the grievance was being moved to arbitration. A true and correct copy of this letter is attached as Exhibit 4. By letter dated November 27, 2020, from Scotland to JM Corporate Human Resources Director Cathy Ouelette (Ouelette), the Union demanded arbitration of the grievance. A true and correct copy of this letter is attached as Exhibit 5.

12. The Union sent a request for a panel of arbitrators to the Federal Mediation and Conciliation Service ("FMCS"). On December 7, 2020, FMCS sent the requested panel to Ouelette and Scotland. A true and correct copy of this panel is attached as Exhibit 6.

13. By letter dated December 15, 2020, from JM Labor and Employment Attorney Lauren Polk (Polk), the Company notified FMCS that it believed the grievance was not

arbitrable because the grievance raised an issue outside of the CBA. A true and correct copy of this letter is attached as Exhibit 7.

14. By letter dated December 21, 2020, from Union Counsel Fred Greenberg (Greenberg) to JM Counsel Polk, the Union explained to the Company that the grievance asserted a violation of the CBA because the grievance alleged JM had acted "in an arbitrary and capricious manner, and without just cause, in imposing a testing requirement on the grievant and refusing him the right to report to work causing him to suffer financial damages. Such a claim is the essence of the grievance and arbitration process." A true and correct copy of this letter is attached as Exhibit 8.

15. By email dated January 12, 2021, from JM Counsel Stephanie Padilla (Padilla) to Union Counsel Greenberg, Padilla advised that she would look into the matter, and expressed the view that the Union might not have all the relevant facts. A true and correct copy of this email is attached as Exhibit 9.

16. The Union did not hear anything from the Company about this matter for approximately three weeks. By letter dated February 1, 2021, from Union Counsel Sasha Shapiro (Shapiro) to Company Counsel Padilla, the Union reiterated its position that the grievance alleged a violation of the CBA, and was therefore arbitrable. A true and correct copy of this letter is attached as Exhibit 10.

17. By email dated February 17, 2021, from Company Counsel Padilla to Union Counsel Shapiro, the Company set forth a version of the underlying facts that contradicted the Union's version, and again expressed the view that the grievance was not arbitrable. A true and correct copy of this email is attached as Exhibit 11.

### III.  ACTION TO COMPEL ARBITRATION

18. Defendant JM's refusal to arbitrate the grievance violates the CBA and thwarts the peaceful and orderly procedures for settlement of disputes that the parties contemplated and provided for in the CBA.

19. Plaintiffs and the grievant do not have an adequate remedy at law, are suffering, and will continue to suffer immediate damage and irreparable injury unless Defendant is ordered to comply with the arbitration provision contained in the CBA.

20. Defendant JM's refusal to arbitrate the grievance is based on a deliberate mischaracterization of the grievance. Defendant JM's refusal to arbitrate the grievance is therefore in bad faith, and Plaintiffs are therefore entitled to their reasonable attorneys' fees incurred in this litigation.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a judgment requiring Defendant to proceed to arbitration of the above-described grievance under the provisions of the CBA, and declare that Defendant has breached its obligation in failing to do so;

B. Award to the Plaintiffs their costs and reasonable attorneys' fees incurred in litigation of this action because of the Defendant's unjustified refusal to comply with the CBA; and

C. Issue such other relief as may be just and proper.

DATED: March 4, 2020

        Respectfully submitted,

        By: */s/ Joseph H. Gillespie*
            Joseph H. Gillespie
            Email: joe@gillespiesanford.com
            Texas Bar No. 24036636
            **GILLESPIE SANFORD LLP**
            4803 Gaston Ave.
            Dallas, Texas 75246
            Tel.: (214) 800-5111
            Fax: (214) 838-0001

            and

            Bruce Fickman
            Associate General Counsel
            Texas Bar No. 06056300
            bfickman@usw.org
            Sasha Shapiro (*pro hac vice* to follow)
            Assistant General Counsel
            PA Bar No. 208571
            sshapiro@usw.org
            USW
            60 Blvd. of the Allies, Room 807
            Pittsburgh, PA 15222
            412-562-2549
            412-562-2429 (fax)

            ***ATTORNEYS FOR PLAINTIFFS***